**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**GLEN A.,**

   **Plaintiff,**

**v.**            **Case No.: 2:24-cv-00496**

**FRANK BISIGNANO,
Commissioner of the
Social Security Administration,[1]**

   **Defendant.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is Plaintiff's Motion and Brief in Support for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 14). Having considered the Motion and supporting exhibits, the Court **GRANTS** the Motion.

**I.  <u>Procedural History</u>**

On January 7, 2025, the Court entered a Memorandum Opinion granting the Commissioner's uncontested Motion for Remand and remanding this matter pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 8, 10). A Judgment Order was entered the same day. (ECF No. 11). The parties had previously consented to proceed before the undersigned United States Magistrate Judge. (ECF No. 9).

On March 21, 2025, the Court awarded Plaintiff attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $4,700.00. (ECF Nos. 12, 13). Following

---

[1] Although former Acting Commissioner Carolyn W. Colvin remains listed on the docket, the current Commissioner of Social Security is automatically substituted as the proper defendant pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

remand, Plaintiff received a favorable administrative decision. The Social Security Administration calculated Plaintiff's past due benefits to be $107,219.00 and withheld 25 percent of that amount, or $26,804.75, for possible payment of attorney's fees for court representation. (ECF No. 14-1).

On February 18, 2026, Plaintiff filed the pending Motion and Brief in Support for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 14). The Commissioner filed a response indicating that he neither supports nor opposes the requested fee. (ECF No. 15). Accordingly, the matter is ripe for adjudication.

## II.   **Legal Standard**

Title 42 U.S.C. § 406(b) allows an attorney who successfully represents a Social Security claimant in federal court to receive a reasonable fee not to exceed 25 percent of the past due benefits to which the claimant is entitled. Contingent fee agreements are a common means by which fees are set in Social Security cases, and the statute does not displace such agreements so long as their terms fall within the statutory maximum. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Courts must perform an independent review of the fee agreement to ensure that it yields a reasonable result in the particular case. *Id*. at 807.

In examining a fee request, judges should constantly remind themselves that, while the lawyer is entitled to reasonable compensation for services rendered in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and not for the enrichment of members of the bar. *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966). Even where a requested fee falls within the statutory cap, a reduction may be appropriate when: (1) the fee is out of line with the character of the representation and the results achieved, (2) counsel's delay caused past due benefits to accumulate

during the pendency of the case in court, or (3) the past due benefits are large in comparison to the amount of time counsel spent on the case. *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

While fees awarded under § 406(b) are limited to court-related work, the reviewing court may consider, as one factor in its reasonableness determination, the time spent and work performed at the administrative level because that information informs the overall complexity of the case, the skills required, the risks involved, and the significance of the result achieved in district court. *Id.*

## III.   **Discussion**

Plaintiff seeks $26,804.75, which equals 25 percent of the past due benefits and is within the statutory cap. Counsel expended 22.7 hours on court-related work, resulting in an effective hourly rate of $1,180.82. (ECF No. 14-2). In most federal fee shifting contexts, courts calculate attorney's fees using the "lodestar" method, which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. However, the Supreme Court has made clear that this approach does not govern attorney fee awards under 42 U.S.C. § 406(b). In *Gisbrecht v. Barnhart*, the Court explained that Congress designed § 406(b) to accommodate contingent fee agreements between Social Security claimants and their counsel, subject to judicial review for reasonableness, rather than to replace those agreements with a lodestar calculation. *Gisbrecht v. Barnhart,* 535 U.S. 789, 793–807 (2002).

Accordingly, the Court does not determine the fee by strictly multiplying the number of hours reasonably expended by a reasonable hourly rate. Instead, the Court begins with the contingent fee agreement and then performs an independent check to ensure that the resulting fee is reasonable and does not constitute a windfall. *Id.* at 807.

3

In conducting that inquiry, the Court considers the factors identified in *Gisbrecht* and the Fourth Circuit's decision in *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005). The factors include: the character of the representation, the results achieved, whether counsel caused delay that increased the accumulation of past due benefits, and whether the benefits are disproportionately large in comparison to the amount of time counsel spent on the case. *Id*.

Here, the *Gisbrecht* factors support the requested award. First, counsel obtained an excellent result for Plaintiff. Second, the Court's sentence four remand terminated the civil action in Plaintiff's favor, and the administrative proceedings on remand resulted in a substantial award of past due benefits and ongoing monthly benefits. Regarding the third and fourth factors, there is no indication that counsel caused delay in this litigation, and the time records reflect appropriate and necessary work for the federal court component of the case.

Although the effective hourly rate that Plaintiff seeks exceeds a typical non-contingent billing rate, contingency fee arrangements in Social Security cases often produce higher effective hourly rates because counsel receives no fee if the claim is unsuccessful and payment is substantially delayed even when the claimant ultimately prevails. *Gisbrecht*, 535 U.S. at 804. Courts in this district have expressly approved effective hourly rates in the range requested in this case. *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee that yielded an effective hourly rate of $1,433.12); *Jimmy B. v. Kijakazi*, No. 2:21-cv-00086, 2023 WL 7238831, at *2 (S.D.W. Va. Nov. 2, 2023) (approving fee yielding effective hourly rate of $1,126.97). Courts throughout the Fourth Circuit have likewise approved comparable rates in Social Security cases. *Jones v. Astrue*, No. 1:09cv61-MR, 2012 WL 2568083, at *3 (W.D.N.C.

4

June 29, 2012); *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013); *Hunter v. Comm'r of Soc. Sec.*, No. SAG-15-3758, 2017 WL 5483151, at *2–3 (D. Md. Nov. 16, 2017).

Given this authority, an effective rate of $1,180.82 falls within the range that courts have found reasonable in Social Security contingency matters. The statutory purpose of protecting the claimant is also satisfied. The fee will be paid from the amount withheld for attorney's fees, Plaintiff retains the remainder of the past due benefits, and counsel must refund the previously awarded EAJA fee so that Plaintiff does not pay twice for the same work. *Gisbrecht*, 535 U.S. at 796. Although the parties contemplated that counsel would refund the EAJA fee to Plaintiff, deducting the previously awarded EAJA amount from the § 406(b) award achieves the same result and avoids the need for a separate refund payment.

For all of the reasons stated above, the Court concludes that the requested fee is reasonable and does not constitute a windfall.

## IV.   Conclusion

The Court **GRANTS** Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (ECF No. 14) and **ORDERS** that the previously awarded EAJA fee in the amount of $4,700.00 be deducted from the § 406(b) award. The Social Security Administration is **DIRECTED** to pay Plaintiff's counsel the net amount of $22,104.75 from the funds withheld for attorney's fees, with the EAJA award of $4,700.00 deducted from the § 406(b) fee.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to counsel of record.

**ENTERED:** March 17, 2026

Joseph K. Reeder
United States Magistrate Judge